**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         *Plaintiff,*<br><br>v.<br><br>JERMYN DAMON VANN, JR.,<br><br>         *Defendant.* | Case No. CR-25-208-RAW |

**ORDER**

The Defendant and his parents, Billie Renee Vann and Jermyn Damon Vann, Sr., are charged together in this case. The Indictment includes a total of twenty-four charges and a forfeiture count. The Defendant is charged with thirteen crimes. Now before the court are the Defendant's motion to dismiss Counts One and Four [Docket No. 46], and the Government's response thereto [Docket No. 52].

In Count One, the Defendant is charged with Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. In Count Four, the Defendant is charged with Murder in Perpetration of Burglary in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. The Defendant argues that because he was a juvenile at the time of the alleged murder, Counts One and Four carry unconstitutional punishments in violation of the Eighth Amendment, Fifth Amendment Due Process Clause, and the Separation of Powers doctrine.

The penalty for a conviction of murder in the first degree under 18 U.S.C. § 1111(a) is death or imprisonment for life. 18 U.S.C. § 1111(b). These penalties are unconstitutional when applied to juveniles, as they have been deemed to be excessively harsh in violation of the Eighth

and Fourteenth Amendments.  *United States v. Doe*, 58 F.4th 1148, 1154 (10th Cir. 2023) (citing *Roper v. Simmons*, 543 U.S. 551, 578 (2005) and *Miller v. Alabama*, 567 U.S. 460, 470 (2012)).

In *Doe*, the defendant argued that for this reason, her case could not be transferred from juvenile to adult court.  *Id*. at 1153-54.  The district court in *Doe* "acknowledged that the penalties for first-degree murder are unconstitutional when applied to a juvenile," but found the issue was not ripe until and unless she was convicted.  *Id*. at 1154.  The defendant appealed, arguing *inter alia* that the Fifth Amendment "requires that the range of available sentences be specified with sufficient clarity," and that her possible sentences were not clear.  *Id*. at 1155 (citation omitted).

The Tenth Circuit rejected Doe's position and held that her argument was unripe because her potential punishments relied upon "contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id*. (citation omitted).  The Circuit noted that "Doe could be acquitted, be convicted of second-degree murder, plea to a lesser-included offense, or even be convicted for first-degree murder but receive a lower sentence."  *Id*. (citations omitted).  The Circuit also noted the parties' briefing on "the possibility of severing the first-degree murder statute, such that a constitutional punishment could be available for a juvenile," but declined to address it, as Doe's argument about unconstitutional punishment was not ripe.  *Id*. at 1156.

The Defendant acknowledges that the Tenth Circuit has held that this issue is not ripe for consideration until after a conviction but asserts it in any event for record preservation purposes. He also argues that his due process argument is ripe for consideration because he cannot be informed of the range of punishment he would face for an adult first-degree murder conviction. Additionally, he argues that if he is convicted as an adult, the court will have no choice but to rewrite the sentence for first-degree murder in violation of the separation of powers doctrine.

2

The court is bound by the Tenth Circuit's Decision in *Doe*. This matter is not ripe for adjudication. Accordingly, the motion to dismiss Counts One and Four [Docket No. 46] is DENIED without prejudice to re-urging should the facts of this case as they are developed in the future warrant.

**IT IS SO ORDERED** this 1st day of April, 2026.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

3